E. Ashley Mears and Margaret B. Mears, as Sole Heirs at Law of Ashley E. Mears, Deceased, for the Use and Benefit of C. W. Brauer and T. P. Kulaas, v. Somers Land Company, of Devils Lake, North Dakota, a Corporation, and Everett P. Russell, as Trustee of George Glover, and Bank of Minot, a Corporation, A. B. Guptill as Receiver of the Bank of Minot, United States Sheep Company, a Corporation, Guarantee Company of North Dakota, a Corporation, Garett P. Russell, Trustee, B. S. Brynjolfson, C. H. Mears, Peter Ehr, and All Other Persons Unknown Claiming any Estate or Interest in, or Lien or Incumbrance Upon the Property Described in the Complaint, and Their Unknown Heirs.

Opinion filed June 1, 1909.

### Adverse Possession — Mortgagee in Possession — Void Foreclosure — Statute of Limitations.

1. In an action to quiet title, which action is in the Supreme Court for trial de novo, evidence examined and *held* to establish that appellant, S. L. Co., and its grantor were, for more than ten years immediately prior to the commencement of such action, mortgagees in possession, with the implied knowledge and consent of, and holding adversely to, the fee owners; and, following the rule announced in Nash v. Northwest Land Company, 15 N. D. 566, 108 N. W. 792, it is *held* that the remedies of such fee owners to recover such possession, or to assert their rights, became barred by the statute of limitations, and such bar operated to divest them of all title, and vest the same in such adverse occupant.

### Same — Possession Under Void Foreclosure.

2. *Held*, further, that appellant, S. L. Co., and its grantor, became mortgagees through an equitable assignment of a mortgage on the property as the result of a defective foreclosure by advertisement, at the abortive foreclosure of which such grantor became the purchaser, securing a certificate of sale and sheriff's deed, and thereafter deeding the premises to the S. L. Co. For a period of over eleven and one-half years after such abortive foreclosure sale the fee owners paid no taxes, and exercised no acts of ownership over the property, while during all such time the purchaser and his grantee, the S. L. Co., paid the taxes, and for over ten years prior to the commencement of this action they in good faith asserted a claim thereto, hostile and adverse to the fee owners, with their implied knowledge and consent, during which time they had such actual possession as, in view of the nature of the property and all the circumstances disclosed by the evidence, was essential to constitute them adverse occupants.

Appeal from District Court, Ward county; *E. B. Goss, J.*

Action by E. Ashley Mears and others against the Somers Land Company and others. Judgment for plaintiffs, and defendants appeal.

Reversed, and judgment directed for the Somers Land Company.

*James Johnson* and *Guy C. H. Corliss,* for appellants.

Where the statute requires an instrument to be subscribed, it means at the end thereof. James v. Patten, 6 N. Y. 9-12; McGivern v. Fleming, 12 Daly 289; Davis v. Shields, 26 Wend. 241-351; Coon v. Rigden, 4 Colo. 275-282; Commonwealth v. Barheight, 6 Gray 113; Stone v. Marvel, 45 N. H. 481; Am. Surety Co. v. Warcester & Co., 100 Fed. 40; Lawson v. Dawson, 53 S. W. 64; In re Strong, 16 N. Y. Supp. 104; Miller v. Pelletier, 4 Edw. Ch. 102.

But where the statute requires the instrument to be in writing and signed, signature may be anywhere, if it is apparent that the signers meant to execute it. In re Guilfoyle, 31 Pac. 553; 20 Cyc. 274; 30 Enc. L.582; Newton v. Emerson 18 S. W. 348; Smithdeal v. Smith, 64 N. C. 52; Lawson v. Dawson, 53 S. W. 64. Penniman v. Hartshorn, 13 Mass. 87-90; James v. Patten, 6 N. Y. 9; Drury v. Young, 58 Md. 546-553.

Ten years of adverse possession and payment of taxes, by a mortgagee in possession vests title in the latter. Nash v. N. W. Land Co. 15 N. D. 566; 108 N. W. 792; 1 Cyc. 999.

*John E. Green* (*R. H. Bosard, of counsel*), for respondent.

Want of signature is fatal to an acknowledgment. Clark v. Wilson 127 Ill. 449 (11 Am. St. Rep. 143); Hout v. Hout, 20 Ohio St. 119; Andrews v. Marshall, 26 Texas 212; Clark v. Wilson, 27 Ill. App. 610; 1 Cyc. 577; Johns American Notaries, Sec. 171; Willard V. Cramer, 36 Iowa 22. Curative statutes do not apply to absolute want of acknowledgment. Armijo v. New Mex. Town Co., 5 Pac. 709; Short v. Conlee, 28 Ill. 219, 1 Cyc. 612.

Curative acts do not validate void acts, such as defective acknowledgment. Cooper v. Harvey, 113 N. W. Rep. 717; Dever v. Cornwell, 86 N. W. Rep. 227; 10 N. D. 123; Evans v. McFadden 105 Fed. 293; Nash v. Northwest Land Company, 108 N. W. 1 A. & E. Enc. Law 831; Miller v. Davis, 64 N. W. 338; Thompson v. Burhams, 61 N. Y. 52; 1 Cyc. 997, 999.

—25—

Open, visible and notorious possession must be of such a nature as to apprise the owner that there is an adverse possession designed to make title against him. Bates v. Norcross, 14 Pick. 224; Coburn v. Hollis, 3 Met. 125; Roberts v. Richards, 84 Me. 1; Brown v. Rose, 55 Iowa, 734, 7 N. W. 133; Fuentes v. McDonald, 85 Tex. 132; Seelman v. Harden, 58 Tex. 86; Lambert v. Stees, 47 Minn. 141; 1 Cyc. 999; J. B. Streeter & Co. v. Frederickson, 11 N. D. 300; 91 N. W. 692.

Fisk, J. This is an action to quiet title to certain real property in Ward county. It is conceded that one Smith Wheeler was the owner thereof on and prior to June 20, 1888. Plaintiffs trace their claim to title through mesne conveyances as follows: Quit-claim deed from Wheeler to Ashley E. Mears, Ashley E. Mears to E. Ashley and Margaret B. Mears by inheritance, and the latter parties quitclaimed to C. W. Brauer who in turn quitclaimed to his co-plaintiff, T. P. Kulaas, an undivided one-half interest therein. Defendant Somers Land Company claims title through a conveyance from one Russell, whose title depended upon the validity of certain alleged foreclosure proceedings, under a power of sale contained in a mortgage claimed to have been executed and delivered by Wheeler to the bank of Minot and foreclosed by advertisement; the said Russell having acquired a sheriff's deed to the land pursuant to such foreclosure. The entire controversy is due to the fact that the notary public omitted to affix his signature to the certificate of acknowledgment to the said mortgage. Such certificate was filled out, and was complete in all respects, except as above stated, even to the affixing of the notarial seal. The mortgage, together with such defective certificate of acknowledgment, was in fact recorded at length in the office of the register of deeds of Ward county on June 30, 1888. Respondents' main contention is that such foreclosure was a nullity, for the reason that the mortgage was not entitled to record, and hence no title was obtained through the sheriff's deed based on such foreclosure sale. There is a dispute as to what the record discloses regarding certain facts. Respondents contend that there is no proof that Smith Wheeler executed and delivered the mortgage and note in question, but the record discloses that the original mortgage was offered in evidence, and the only objection urged to its introduction in evidence was "that the same is incompetent, for the reason that it appears on the

face of the instrument that it was never acknowledged by the grantor, and the record of the instrument can furnish no foundation for foreclosure." And this same objection was urged to the offer of the note in evidence. Such objection was entirely insufficient to put appellants to their proof as to the execution and delivery of these instruments. The point of the objection is that, because the certificate of acknowledgment was not complete, such mortgage was not entitled to record so as to justify its foreclosure by advertisement. Furthermore, at the commencement of the trial the parties entered into a stipulation which expressly recognized the fact that this mortgage was given by the said Wheeler. The record discloses that later in the trial a controversy arose between counsel as to the genuineness of the signature of Smith Wheeler to the mortgage, and appellants' counsel asked for time in which to furnish proof thereof. Conceding that this had the effect of destroying the proof of such mortgage theretofore made, by not only its introduction in evidence without objection upon such ground, but by the stipulation aforesaid, still we are entirely satisfied that the testimony thereafter produced was amply sufficient to prove the execution of such mortgage by the said Wheeler.

Assignments of this mortgage from the bank of Minot to Enos Arnold, dated September 1, 1888, and from Arnold to Russell, dated March 6, 1893, both of which were of record in the office of the register of deeds, were offered in evidence, and the only objection made to such offers was that they were "incompetent, irrelevant, and immaterial." Such objections were too general, and hence can be given no force or effect. A similar objection was made to defendants' offer of the record of the foreclosure sale, consisting of the affidavit of publication, attorneys' affidavit, sheriff's affidavit and certificate, also sheriff's deed to Russell pursuant to such foreclosure sale, all of which were of record in the office of the register of deeds of said county.

It is appellants' contention: (1) That the notary sufficiently "affixed" his signature to the certificate by signing his name just above such certificate as a witness to the signing and delivering of such mortgage by the mortgagors; (2) that the defect, if any, in the certificate of acknowledgment was cured by chapter 2, p. 6, Laws 1901; (3) that Russell, the purchaser at the foreclosure sale, and his grantee, the Somers Land Company, had been in possession

of the land for a period of more than 10 years before the commencement of this action, paying taxes thereon and hence the title became vested in the Somers Land Company; and, (4) at the time Mears and wife executed the deed to Brauer they had no power to convey the land, as the title had previously vested in a receiver theretofore duly appointed by the district court of Cass county. The view which we take of the third proposition renders it unnecessary to determine the other very interesting points raised in appellants' brief. After mature deliberation we are convinced that, under the facts, conceding the invalidity of the foreclosure sale and the sheriff's deed thereunder, and also that the curative act relied on was ineffectual to validate such void foreclosure, the rights of the Somers Land Company, prior to the commencement of this action ripened into a perfect title by lapse of time. In other words, the Somers Land Company and its grantor, Russell, for over 10 years prior to the commencement of this action, asserted a hostile claim to the land through the sheriff's deed, with the full knowledge and implied acquiescence of Mears and wife, and we think that during all such time the land company and its grantor had such possession as was necessary to constitute them mortgagees in possession and within the rule announced in Nash v. Northwest Land Company, 15 N. D. 566, 108 N. W. 792, the title became vested in the land company at the expiration of the period of 10 years, during which the mortgagor or his grantees were permitted to institute an action to redeem.

The record discloses that the beneficial plaintiffs had actual knowledge that the mortgage was transcribed upon the public records at the time they obtained their deeds of the land. Finding 12 of the trial court is to this effect. This was sufficient to put them upon inquiry. Furthermore, they had actual notice, before they purchased, that the Somers Land Company claimed to own said land, as the correspondence in evidence discloses. Not only this, but they, in fact negotiated with said company for the purchase of such land, and actually accepted an offer to purchase the same upon specified terms, which they afterwards repudiated. Such correspondence was, we think, clearly admissible. In the light of these facts plaintiffs stand in no more favorable position in a court of equity than would their grantors. Such grantors inherited the property from their son, Ashley Mears, on January 20, 1890, and during all the time between the date of the foreclosure sale in May, 1894, and No-

vember 24, 1905, when they quitclaimed the premises to Brauer—over 11½ years—they paid no taxes on the land, nor in any manner, so far as the record discloses, asserted any claim whatever to the same, during all of which time Russell and his grantee, the Somers Land Company, asserted title thereto, and the latter paid the taxes each year, with the exception of the year 1905, the taxes for which it tried to pay, but they were paid by Brauer and Kulaas previous to the time the land company offered to pay the same. We think the evidence fairly tends to show that Mears and wife wholly abandoned such land at or prior to the foreclosure sale, and that they knew, and, at least, impliedly consented to and acquiesced in appellants' hostile claim of title under the foreclosure proceedings. These facts, we think, were sufficient to start the statute running, over 10 years prior to the commencement of this action, against any remedy which the Mears may have had to recover such property, or to redeem from such mortgage. It was not necessary that Russell and the land company should have been in the open, visible, and notorious possession of the land, sufficient to raise a presumption of notice to Mears and wife that their rights were invaded by them with a purpose to assert an adverse claim of title thereto, as the evidence clearly discloses that Mears and wife, by their conduct, must have had actual knowledge of appellants' hostile claim. This rule is supported by 1 Cyc. 997, and cases cited. There is no pretension that Mears and wife, after the foreclosure, and up to the time they gave the quitclaim deed on November 24, 1905, ever, at any time, assumed to exercise any dominion over the property, or discharge any of the duties of owners. For over 11½ years after the foreclosure sale they appear to have completely abandoned all connection with such property, permitting the purchaser at such sale and his grantees to pay the taxes thereon, and to exercise the unmolested right of ownership therein. We are agreed that, in the face of the foregoing facts, the possession of the purchaser at the sale and his grantees was sufficient to bar any remedy on November 24, 1905, which Mears and wife may have had prior thereto, and hence the quitclaim deed given by Mears and wife to Brauer on said date was ineffectual to transfer any title to such grantee. Nash v. Land Company, supra, and cases cited.

Respondents' counsel assert that Russell never had possession of such land, but the evidence discloses that he paid the taxes thereon until he "turned it over to the Somers Land Company—gave them a

deed of it." While the mere payment of taxes is not sufficient to prove an actual adverse possession of the land, we think possession in him may be fairly inferred under all the evidence, and that he delivered such possession to his grantee under his deed. It appears from the testimony of the witness Johnson that the Somers Land Company have been in possession ever since such deed was given, and the natural inference, deducible therefrom, is that it acquired such possession from its said grantee.

It follows that the judgment of the district court quieting the title to such land in plaintiffs was erroneous, and the same is accordingly reversed, and that court is directed to vacate such judgment, and enter a new judgment consistent with the foregoing opinion, quieting such title in appellant the Somers Land Company. All concur, except MORGAN, C. J., not participating.   ·