L. R. JUNGKUNZ, Appellant, v. SARAH COMONOW, Aaron Com-
onow, Henry Comonow, Dora Levitt, Percy D. Godfrey, and All
Other Persons Unknown Claiming Any Estate or Interest in or
Lien or Encumbrance upon the Property Described in the Com-
plaint, Respondents.

(174 N. W. 68.)

**Redemption from mortgage must be commenced within the time prescribed
by statute.**

1. The right to maintain an equitable action to redeem by the mortgagor
or his successors is prescribed by § 7381, Comp. Laws 1913, and must be com-
menced within ten years from the time the cause of action accrued.

**Mortgages — right of redemption barred by Statute of Limitations.**

2. In an action to determine adverse claims where a trust deed to secure
an indebtedness of $575 was made in November, 1886, and thereafter a void
foreclosure of such trust deed was had by the owner of the indebtedness, and
possession of the land taken in 1902, pursuant to a sheriff's deed issued, and
where such possession continued up to the time of the commencement of the
action in 1917, hostile and adverse to the claim and title of the mortgagor
and his successors in interest, accompanied by continuous exercise of posses-
sory rights and acts of cultivation upon the land, including payment of taxes,
and where further the mortgagor or his successors have made no attempt to
maintain a suit in equity to redeem, for a period of time exceeding twenty-
five years, it is *held* that the rights of the mortgagor and his successors in
interest are barred under § 7381, Comp. Laws 1913.

**Mortgages — redemption — right of mortgagor and successor.**

3. In such action to determine adverse claims, where the mortgagor and his
successors in interest have not been in possession for a period of time exceed-
ing twenty-five years, and have not exercised any acts of dominion or proprie-

NOTE.—That the Statute of Limitations does not run against a mortgagee in
possession is supported by all the decisions which have directly involved the ques-
tion, as will be seen by an examination of the cases in 34 L.R.A.(N.S.) 356, on the
question as to whether limitation runs against a mortgagee in possession.

On effect of debt becoming barred by Statute of Limitations upon right and
remedies under conveyance absolute on its face but intended as a mortgage, see
notes in 11 L.R.A.(N.S.) 825, and 24 L.R.A.(N.S.) 840.

On effect of the bar of Statute of Limitations on mortgage or trust deed and
debt secured thereby, see note in 95 Am. St. Rep. 664.

On limitation of actions in equity cases, see note in 6 L. ed. U. S. 143.

tary rights, in fact, upon the premises concerned, nor paid nor offered to pay taxes through such period of time, nor offered to redeem or maintain a suit in equity to redeem; and where, further, the successive owners of the indebtedness and the security therefor have taken possession of the land either as equitable assignees of the debt and the security therefor, or under the void foreclosure, hostile and adverse to the title of the mortgagor or his successors, have improved and cultivated the land for over fifteen years, and have paid the taxes thereupon, all with the acquiescence, in law and in fact, of the mortgagor, or his successors,—it is *held* that the rights of the mortgagor and his successors in interest are barred by laches.

Opinion filed July 3, 1919.   Rehearing denied September 8, 1919.

Action to determine adverse claims in District Court, Ramsey County, *Buttz,* J.

From a judgment in favor of the defendants the plaintiff has appealed and demands a trial *de novo.*

Judgment reversed with directions to quiet title in plaintiff.

*Henry G. Middaugh* and *Albert E. Coger,* for appellant.

Every transfer of an interest in property, other than in trust, made only as a security for the performance of another act, is to be deemed a mortgage, except when, in the case of personal property, it is accompanied by actual change of possession, in which case it is to be deemed a pledge.   Civ. Code 1883, § 1724; Bradley v. Helgerson, 14 S. D. 593, 86 N. W. 634; Comp. Laws 1913, § 4348; Langmaak v. Keith, 19 S. D. 351, 103 N. W. 210.

The deeds from the Biddle next of kin to Walker, and from Walker to Brown, operated as assignments of all interest that Biddle and Walker had in the mortgage.   This is the law of this state.   Nach v. Northwest Land Co. 15 N. D. 566, 105 N. W. 792; Brynjolfson v. Osthus, 12 N. D. 42, 96 N. W. 261; Cooke v. Cooper, 18 Or. 142, 7 L.R.A. 273, 17 Am. St. Rep. 709, 22 Pac. 945; Johnson v. Sandhoff, 30 Minn. 197, 14 N. W. 889.

The rights of the mortgagee, as known to the law, required no express stipulation to define or secure them.   They were annexed to the contract at the time it was made, and formed a part of it; and any subsequent law impairing the rights thus acquired impairs the obligations which the contract imposed.   Bronson v. Kinzie, 1 How. 311, 11 L. ed. 143; Bradley v. Lightcap, 195 U. S. 1, 49 L. ed. 73.

Defendant's right to relief is barred by the Statute of Limitations. Nash v. N. W. Land Co. 15 N. D. 566, 108 N. W. 792; Mears v. Summers Land Co. 18 N. D. 384, 121 N. W. 916; West v. Middlesex, 33 S. D. 465, 146 N. W. 598; Jackson v. Rohrberg, 94 Neb. 85, 142 N. W. 290.

One of the watchwords of equity is diligence. Unless a suitor is diligent he cannot obtain relief, nor does the Statute of Limitations always control. Pom. Eq. Jur. §§ 817, 818; Calhoun v. Diehl & M. R. R. Co. 8 L.R.A. 248; Kessler v. Ensley Co. 123 Fed. 561; Brown v. Buena Vista County, 95 U. S. 157, 24 L. ed. 422; Farr v. Sennler, 123 N. W. 838.

*John C. Adamson,* for respondents.

BRONSON, J. This is an action to determine adverse claims to some 175 acres of land in Ramsey county. From a judgment quieting title in the defendants the plaintiff has appealed and demands a trial *de novo.* The facts substantially are as follows:

On November 9, 1886, a final receiver's receipt of the United States was issued to one Louis Comonow. On November 10, 1886, said Comonow and his wife executed a trust deed to William G. Nixon, as trustee, and in case of death, absence, or inability of said Nixon to act, to Frank Davis, as trustee, and to William F. Baird, as beneficiary, to secure the sum of $575 evidenced by a real estate bond executed by said Comonow on said date, due five years from date. On October 22, 1889, a United States patent was issued to said Louis Comonow. Said Comonow, while resident on this land, died, at or about this time. He left surviving him his wife, Sarah Comonow, and his children, Aaron Comonow, Henry Comonow, and Dora Levitt, the defendants.

The original bond and trust deed were introduced in the record and produced by one Wm. H. Brown, a witness for the plaintiff. On the back of the bond there is the following indorsement:

For value received, I hereby assign and transfer the within bond, together with all my interest in, and all my rights under the trust deed securing the same to ——— without recourse.

W. L. Baird.

Also on the back of such bond there is a guaranty of the collection

of the principal and the payment of the interest signed by the Security Mortgage & Investment Company through W. L. Baird, President, and W. G. Nixon, Treasurer.

Said Brown testified that he was acquainted with this title since the year 1890; that the bond and deed were turned over to him for collection or foreclosure by Henry D. Biddle through the Security & Mortgage Investment Company, his agent; that at that time, he (Brown) was in the employ of such investment company; that he was unable to collect any part of the interest or principal, and foreclosure was ordered; that he examined the property in the fall of 1891, found no one living there, and could not ascertain the whereabouts of the mortgagor; that he was at Devils Lake from 1891 to 1901, saw this land often, looked after it as agent of such company.

On March 5, 1892, the land was sold by advertisement upon foreclosure sale, of the bond and trust deed, by Henry D. Biddle, who was the purchaser at the sale for $791.02. Pursuant thereto, in May, 1893, a sheriff's deed was issued to said Biddle. It is conceded that this foreclosure was invalid. In October, 1898, said Biddle died leaving two sisters and four children of a deceased sister, as his heirs. In May, 1898, the children of the deceased sister quitclaimed the land to the surviving sisters of the deceased Biddle. In June, 1899, the two surviving sisters deeded the land to one I. Walker, who in June, 1902, deeded the land to said William H. Brown. On January 4, 1892, said Baird, the beneficiary, pursuant to a written assignment in the record, assigned the same to said William H. Brown. The trial court found that this assignment was a forgery; that it was in fact issued to said Biddle, and his name thereafter erased and the name of said Brown inserted. In June, 1899, a foreclosure by advertisement of such trust deed was made by said Brown, and pursuant thereto a sheriff's deed was issued to him on July 29, 1901. In the case of Brown v. Comonow, 17 N. D. 84, 114 N. W. 728, decided January 9, 1908, an action was instituted by said Brown against the defendants herein and others to determine adverse claims.

In that action this court determined that the foreclosure by Brown was invalid for the principal reason that the trust deed granted no power of sale to anyone excepting the trustee or his successor in trust, and hence there existed no right for Baird, the beneficiary, or said

Brown, his assignee, to exercise such power of sale (a statutory requisite) in a foreclosure by advertisement. The court did not determine whether the deed was a trust deed in fact, or a mortgage. The action was ordered dismissed without prejudice to a proper proceeding by the plaintiff, in the event that he was still the owner of the indebtedness secured by such instrument, to subject such security to the payment thereof subject to any legal defense which may be urged.

The widow, Sarah Comonow, died in St. Paul in 1909, leaving three children surviving her, who are all of age and are the defendants herein. In January, 1902, said William Brown conveyed the land to one Ardery. Said Ardery, in March, 1911, conveyed the land to the plaintiff. During the period of ownership by Ardery the premises were worked by a tenant under the usual croppers' lease, and he paid the taxes. Since the plaintiff went into possession in 1911 he has leased the land up to and including the year 1916, to a tenant and during that time has paid taxes. It is stipulated in the record that the Comonows left the land about 1890, and that the same was abandoned, unoccupied, and unimproved until the year 1902. In their answer to the complaint of the plaintiff the children set up title and a counterclaim for $320 for the use and occupation of the land during each year they have been deprived thereof.

The plaintiff, in his reply, alleges the indebtedness and the trust deed therefor, the foreclosure thereof, possession had thereunder for twenty years, failure of the defendants to make any offer of redemption or payment of the indebtedness, their laches in that regard, and further asserts the application of both statutes of limitations covering the ten years' period and the twenty years' period.

The action came to trial in April, 1917, and thereafter the trial court in January, 1918, made its findings and conclusions, that the trust deed in question was not a mortgage; that the plaintiff or plaintiff's grantors had not been mortgagees in possession; that the plaintiff had no right or interest in the premises, and that the defendants were entitled to judgment for the immediate possession of the premises and to a money judgment against the plaintiff for $1,820.78, the difference between the total rents and profits received and the taxes paid by the plaintiff. Pursuant to such findings, judgment was entered in February, 1918.

Upon this record it is clear that, for a period of time exceeding twenty-five years, the Comonows have exercised, in fact, no proprietary or possessory interest in this land. They have neither paid nor offered to pay any taxes to the state during this period or at all. They have neither paid nor offered to pay the amount of the indebtedness justly and properly chargeable upon this land. Manifestly they have received the benefits of the loan made to them in 1886, the money and the use of the same ever since, and yet they now seek and assert the right to a title in themselves free from any claim or lien on account of such moneys loaned. For over nine years after this court rendered its opinion in the Brown v. Comonow Case, the defendants have neither sought to maintain or secure their possessory rights nor to redeem or to offer to redeem the premises.

Upon this record it is further clear that Baird, the beneficiary in the trust deed, was the owner of the bond for $575. It requires no citations of authority to establish that the actual transfer and the written transfer in blank of the bond and trust deed operated to assign to Biddle, Baird's interest therein. It matters not whether the foreclosure had by Biddle was invalid and that no possession was taken thereunder. It likewise is immaterial what effect be given to the assignment purporting to be from Baird to Brown. The fact is that Brown became the owner of the bond and trust deed through actual transfer and an assignment in blank, assisted by deeds proceeding from the heirs of Biddle. The foreclosure had by Brown was invalid. Nevertheless possession in fact was taken by Brown thereunder. He had and possessed the indebtedness and a lien upon the land therefor. For years he and his grantees, including the plaintiff, have exercised acts of dominion over the premises, hostile and adverse to the title of the defendants. Nash v. Northwest Land Co. 15 N. D. 566, 108 N. W. 792. For years they have paid the taxes, made improvements, and brought the land into a state of cultivation and received rents and profits through their energies in that direction. Again, it is immaterial whether the deed be deemed a trust deed in fact, or a mortgage. It is clear that the title evidenced, whatever it be termed, is a title that stands as security for the unpaid indebtedness. Properly Brown and his grantees should be termed and are equitable assignees of this indebtedness and this title, in possession. Nash v. Northwest Land Co. 15 N. D. 566, 108 N. W.

792; Mears v. Somers Land Co. 18 N. D. 384, 121 N. W. 916; Boschker v. Van Beek, 19 N. D. 104, 122 N. W. 338.

In this state where agricultural production needs every possible stimulus, where the prompt payment of taxes is recognized as a prime need for the maintenance of the sovereignty, equity should not highly favor a bad-faith ownership that wills neither to produce nor pay its proportionate share for the protection it received. The defendants seek equity. They must do equity. The defendants come into court with a stale demand based upon an ownership ancient as to the dominion or the duties exercised thereunder. It was their duty in equity to offer to redeem and to pay what justly had been paid to the state and to others in their behalf. This they have neglected to do. Grossly they have been guilty of laches, and equity should and must refuse their claim. Nash v. Northwest Land Co. supra; Mahaffy v. Faris, 114 Iowa, 220, 24 L.R.A.(N.S.) 840, 122 N. W. 934. See Pettit v. Louis, 88 Neb. 496, 34 L.R.A.(N.S.) 356, 129 N. W. 1005.

Whether the possession of the plaintiff and his grantors be deemed to be under the terms of the trust deed or under the void foreclosure, the defendants' remedy was a suit in equity to redeem. The right to maintain such action is prescribed by § 7381, Comp. Laws 1913, which requires such action to be brought within ten years from the time the cause of action accrued. The defendants' cause of action arose in 1902, about fifteen years prior to the commencement of this action. It is plainly barred under the statute. The maintenance of a defense in the former action of Brown v. Comonow, 17 N. D. 84, 114 N. W. 728, seeking to have title quieted in the defendants with no offer to redeem did not interrupt the running of the statute. See Nash v. Northwest Land Co. supra; Steinwand v. Brown, 38 N. D. 602, 610, 166 N. W. 129. See note in 24 L.R.A.(N.S.) 840. The rights of the defendants and their cause of action are barred both by laches and the statute.

It is ordered that the judgment be reversed, with directions to enter judgment quieting title in fee in the plaintiff, with costs to the appellant.

GRACE, J. I concur in the result.