Lester WISNESS, Plaintiff and Appellant,

v.

Harry PANIMAN et al., Defendants
and Respondents.

No. 8031.

Supreme Court of North Dakota.

March 14, 1963.

Bjella, Jestrab, Neff & Pippin, Williston, for appellant.

Jansonius, Fleck, Smith, Mather & Strutz, Bismarck, James L. Taylor, Watford City, Everett E. Palmer, Williston, Joseph P. Stevens, Ilvedson, Pringle, Herigstad & Meschke, Minot; Q. R. Schulte, Stanley, McGee, VanSickle & Hankla, and Bosard, McCutcheon & Coyne, Minot, for respondents.

TEIGEN, Judge.

This is a statutory action to quiet title involving the title and interests of the respondents who are the owners of nonparticipating oil and gas royalties in the following-described properties located in McKenzie County, North Dakota, to wit: Township 152 North, Range 96 West Section 3, Lots 11 and 12 Section 4, Lots 9 and 10 Township 153 North, Range 96 West Section 27, N½ NE¼

Approximately 39 defendants were named and served. Twenty-one nonparticipating oil and gas royalty owners have answered and are respondents in this appeal.

A summary of the facts established by the records and competent evidence is as follows: Ingvald J. Buckneberg and Tina Buckneberg, his wife, made, executed and delivered to the Land Bank Commissioner a real estate mortgage dated April 2, 1934, filed April 23, 1934, and recorded in Book 114 of Mortgages at page 191 in the office of the Register of Deeds of McKenzie County, North Dakota, covering the property above described. The respondents who were defendants in the lower court derived title through eight conveyances of nonparticipating oil and gas royalties from Ingvald J. Buckneberg and Tina Buckneberg subsequent to the recording of the mortgage above described. Subsequent to said assignments, the mortgage was assigned to and foreclosed by the Federal Land Bank. The perpetual nonparticipating oil and gas royalty owners were not

named as defendants nor were they served in the mortgage foreclosure proceedings.

Pursuant to said foreclosure, judgment and decree of foreclosure was duly entered and the real property above described was sold to Lester Wisness, plaintiff and appellant herein. The sheriff's deed was executed and delivered to Lester Wisness. It was dated July 12, 1944, and filed for record in the office of the Register of Deeds of McKenzie County, North Dakota, on September 16, 1946, where it was duly recorded. The appellant, Lester Wisness, has been in possession of the above-described land from July 12, 1944, to the date of commencement of this action, a period of more than 10 years. While in possession, the appellant farmed the land and has paid the taxes levied and assessed thereon. The lands were leased for oil and gas development purposes and the land is now and has been producing oil and gas since 1959.

This action was commenced in October of 1959. The lower court rendered judgment for the answering defendants, dismissing plaintiff's action to quiet title against their interests and quieted title in said defendants to their royalty interests saved from the premises. The plaintiff has appealed to this court.

The issue in this case is whether or not the right, title and interest of the defendants as royalty claimants has been terminated and title thereto acquired by the plaintiff through adverse possession.

This case is governed by Yttredahl v. Federal Farm Mortgage Corporation, N.D., 104 N.W.2d 705, decided by this Court on September 14, 1960. The plaintiff as appellant urges us to reverse our holding in that case. He admits the facts are identical. He argues the holding of the Yttredahl case does not establish a proper policy for the State of North Dakota and that it is contrary to what has long been settled law in this jurisdiction. He cites three cases in support of his argument that were not cited nor discussed in the Yttredahl opinion. They are Mears v. Somers Land Company,

18 N.D. 384, 121 N.W. 916; Jungkunz v. Comonow, 43 N.D. 212, 174 N.W. 68; and Justice v. Souder, 19 N.D. 613, 125 N.W. 1029. These cases are not concerned with the right of the owner of an interest in mortgaged property who is not a party nor served in the foreclosure of the mortgage, nor do they involve a severance of a royalty interest from the title to real property wherein possession of the surface is consistent with and not adverse to the severed interests as in the Yttredahl case. These cases are wholly inapposite here. We adhere to our former opinion.

Judgment is affirmed.

MORRIS, C. J., and BURKE and STRUTZ, JJ., concur.

ERICKSTAD, J., not being a member of this Court at the time of the submission of this case, did not participate.